UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD.<br><br>   Plaintiff,<br><br>   v.<br><br>TESO LT, UAB, Oxysales, UAB, and Metacluster LT, UAB,<br><br>   Defendants. | Case No.  2:19-CV-00395-JRG |

**PLAINTIFF'S OBJECTIONS TO THE INITIAL
<u>CLAIM CONSTRUCTION OPINION AND ORDER</u>**

i

## I.  INTRODUCTION

Plaintiff objects to the finding of indefiniteness of Claim 13 of U.S. Patent No. 10,484,510 ("the '510 Patent") in the Claim Construction Order ("Order," ECF 191). This Claim was found indefinite for "three phrases [that] limit the software application recited in Claim 13," (Order, at 21), by further specifying particular software for carrying out the method of Claim 1. Each of the three phrases in Claim 13 deemed indefinite by the Order merely provides a more detailed description, or else references inherent characteristics, of antecedent bases in Claim 1. A person of ordinary skill in the art ("POSA") would readily understand that Claim 13 pertains to a software program carrying out a specific version of the patented method set forth in Claim 1. Therefore, Claim 13 of the '510 Patent is not invalid for indefiniteness.

## II.  CLAIM 13 OF THE '510 PATENT IS NOT INVALID FOR INDEFINITENESS

### A.  Legal Standard.

Courts "review[] a magistrate judge's non-dispositive orders pursuant to Federal Rule of Civil Procedure 72(a)." *Zapmedia Servs. v. Apple, Inc.*, No. 2:08-CV-104-DF-CE, 2010 U.S. Dist. LEXIS 144482, at *5 (E.D. Tex. Aug. 19, 2010). "Because claim construction is a matter of law, th[e] Court can review a magistrate judge's claim construction *de novo*." *Id.* at *5–6 (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b).

### B.  A Person of Skill in the Art Would Readily Understand the Software Application of the Patented Process Set Forth in Claim 13

*1. The "sending of the [HTTP] request" is Not Indefinite and Refers to Claim 1's step of "sending, to the web server over an Internet, the first content identifier"*

The phrase, "sending of the [HTTP] request," in Claim 13, is not indefinite as it refers to the Claim 1 step reciting the "sending [of] the first content identifier." '510 Patent at 19:18–20; 20:26–37. In Dr. Rhyne's opinion, "a POSA would understand this dependent claim to claim a software application that includes computer instructions for performing its steps. A POSA would

1

therefore understand from the preamble of claim 1 that the web server 'responds to Hypertext Transfer Protocol (HTTP) requests' and would accordingly understand that 'the sending of the Hypertext Transfer Protocol (HTTP) request' refers to the step of 'sending, to the web server over an Internet, the first content identifier.' A POSA would not understand this claim as indefinite." ECF 126-5 at ¶ 25. A person of skill in the art would readily understand the "first content identifier" of the sending step to be included in an HTTP request.

There is no ambiguity in the use of the term "HTTP request," because a person of skill in the art would readily understand that the "[HTTP] Request" in Claim 13 is merely a more specific "content identifier" than is recited in Claim 1. *See, e.g.*, *Bristol-Myers Squibb Co. v. Genentech, Inc.*, No. 2:13-cv-05400-MRP-JEMx, 2014 U.S. Dist. LEXIS 190808, at *17 (C.D. Cal. Apr. 18, 2014) ("[T]he broader term used in the preamble provides a basis for the more specific condition in the claimed step.").

Furthermore, the specification provides an example of a "content identifier" to be used by the server recited in Claim 1. *See* '510 Patent at 13:31–33 ("As shown by block **360** the client module **224** then sends the original request (*e.g.*, 'GET http://www.aol.com/index.html HTTP/1.1') to all the agents in the list . . . ."). Claim 1 of the '319 Patent similarly emphasizes HTTP content identifiers above other possible protocol types, using the same wording as Claim 13 of the '510 Patent. *Compare* '319 Patent at 19:24–26 ("**sending**, to the first server over the Internet, **a Hypertext Transfer Protocol (HTTP) request** that **comprises the first content identifier**") (emphasis added), *with* '510 Patent at 20:29–30 ("**sending of the Hypertext Transfer Protocol (HTTP) request**") (emphasis added). In sum, a person of skill in the art would understand that Claim 13's sending of an "[HTTP] request," *e.g.*, "'GET http://www.aol.com/index.html

HTTP/1.1,'" is synonymous with, and merely more specific than, Claim 1's sending of a "content identifier" *to an HTTP server*. '510 Patent at 13:32–33

The Order provides no detail as to how a person of skill could be uncertain of the meaning of the phrase, "sending of the [HTTP] request," given the preamble of independent Claim 1. This term is not indefinite and should be given its plain and ordinary meaning.

> 2. The "receiving and storing of the first content" refers to Claim 1's step of "receiving the first content," and the preamble's description of "stor[ing] a first content"

The phrase, "receiving and storing of the first content," in Claim 13 ('510 Patent at 20:30–31) is not indefinite and clearly has antecedent basis in the description of "receiving the first content" in Claim 1 (*id.* at 19:19–26). The dispute as to this part of Claim 13 is not over the meaning of "first content," which is well-established and used throughout the claims. Nor is it unclear that the "receiving . . . of the first content" in Claim 13 references "receiving the first content" in Claim 1. Instead, according to the Order this part of Claim 13 is indefinite because "nowhere does Claim 1 mention the 'storing' requirements of Claim 13." Order, at 21–22 (emphasis added). However, (1) it is known in network computing and particularly over the Internet that information received must be stored at least temporarily prior to transmitting the information, so the fact that the data is received by a computer necessarily also means it is stored, and (2) the claim recites the client device receiving the content and the specification also discloses the storing of content by the client device, *including in the client device's cache*, where the word "cache" refers to storage. *See e.g.* Ex. C at 4:48-52; 8:7-22. In Dr. Rhyne's opinion, "[a] POSA would understand from the common specification that software may be stored on the client device providing functionality which may include the content being stored by the client device, including for example in its cache. '510 Patent at 4:48-52; 8:7-22. Thus, a POSA would not understand this

3

claim as indefinite." ECF 126-5 at ¶ 27. The finding of indefiniteness based on a lack of reference to "storing" in Claim 1 should be reversed and the term given its plain and ordinary meaning.

> 3. The "sending of the part of, or the whole of, the stored first content" refers to Claim 1's step of "sending the first received content"

The Order also holds that the phrase "part of, or the whole of" in Claim 13 is indefinite. *See* Order, at 21. Claim 1 refers to "request[ing] and stor[ing] a first content," and to "sending the received first content." Claim 1 does not specifically whether the "first content" has "part[s]" because it does not need to have parts (the claim says it can be the "whole" content), but also it is expressly recited in the patent that content can be in parts, such as chunks. *See e.g.* '510 Patent at 8:33-35 ("Chunks in the present description are defined as equally sized ***pieces of data that together form the whole content*** of the URL.") (emphasis added). In Dr. Rhyne's opinion, "a POSA would understand from the common specification that the content can be sent in parts, such as chunks, and thus further would not understand this claim as indefinite. *See e.g.* '510 Patent at 8:23-39." ECF 126-5 at ¶ 29.

As set forth in detail in the specification, a person of skill in the art readily understands that the "first content" in Claim 1 and Claim 13 is commonly divided into "part[s]," and therefore, a transmission of the content (facilitated by software as in Claim 13) may deliver "part of, or the whole of" the content. *See* '510 Patent at 8:33–39 ("Chunks in the present description are defined as equally sized pieces of data that together or the whole content of the URL. . . . [T]he chunks may instead be of different size."). Thus, a person of skill in the art would see no ambiguity relating to the description of software that may send "part of" the content, as recited in Claim 13.

Moreover, a person of ordinary skill in the art would readily understand that this phrase in Claim 13 does not expand the patent protection to cover software that transmits "part of," but not all of the chunks of the requested content. Data would often be too large to send all at once. That

4

it is known that content can be in whole or part is not indefinite; it simply confirms the breadth of the term "content" is consistent with claim 1. In this particular ruling, the Order neglects that "breadth is not indefiniteness." *BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1367 (Fed. Cir. 2017) (quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1341 (Fed. Cir. 2005)). Because the phrase "part of, or the whole of" is not unclear to persons of skill in the art, Claim 13 of the '510 Patent is not indefinite and the term should be given its plain and ordinary meaning.

### III. CONCLUSION

Thus, the references in Claim 13 are known to a POSA to refer back to terms in claim 1 and claim 13 is not indefinite, and Luminati respectfully asks the Court to so find.

Dated: December 21, 2020

By: */s/ Korula T. Cherian*

Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
Office 903-657-8540
mark@themannfirm.com

Korula T. Cherian
Robert Harkins
CA State Bar No. 179525
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94702
(510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Ronald Wielkopolski
Colby A. Davis
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
(202) 838-1560
ronw@ruyakcherian.com

5

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Plaintiff
Luminati Networks Ltd.*

6