IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Luminati Networks Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Teso LT, UAB, Oxysales, UAB, and Metacluster LT, UAB, <br><br> Defendants. | Civil Action No. 2:19-cv-00395-JRG <br><br> Lead Case <br><br> FILED UNDER SEAL |

**OXYLABS' RESPONSE IN OPPOSITION TO
LUMINATI'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS'
COUNTERCLAIM AND DEFENSE OF INEQUITABLE CONDUCT**

SIEBMAN, FORREST,
BURG & SMITH LLP

MICHAEL C. SMITH

CHARHON CALLAHAN
ROBSON & GARZA, PLLC

STEVEN CALLAHAN
CRAIG TOLLIVER
GEORGE T. "JORDE" SCOTT
MITCHELL SIBLEY

*Counsel for Teso LT, UAB, Oxysales, UAB,
and Metacluster LT, UAB*

February 8, 2021

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Introduction | 1 |
| II. | Response To Luminati's Statement Of Issue To Be Decided By The Court | 2 |
| III. | Response To Luminati's Statement Of Undisputed Material Facts | 2 |
| IV. | Additional Material Facts | 2 |
| V. | Summary Judgment Standard | 4 |
| VI. | The '604 Patent Does Not Disclose The Material Information At Issue | 4 |
| VII. | Conclusion | 6 |

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*LizardTech, Inc. v. Earth Resource Mapping, Inc.*,
   424 F.3d 1336 (Fed. Cir. 2005)..................................................................................6

*Satterfield & Pontikes Constr., Inc. v. U.S. Fire Ins. Co.*,
   898 F.3d 574 (5th Cir. 2018) ......................................................................................4

*Scott v. Harris*,
   550 U.S. 372 (2007).....................................................................................................4

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011).............................................................................1, 4, 5

RULES

Fed. R. Civ. P. 56(a) ...........................................................................................................4

Manual of Patent Examination Procedure § 2001.06(b)....................................................6

Defendants Teso LT, UAB, Oxysales, UAB, and Metacluster LT, UAB (collectively, "Oxylabs") file this Response in Opposition to Luminati's Motion for Summary Judgment on Defendants' Counterclaim and Defense of Inequitable Conduct (ECF No. 240) (the "Motion"), and respectfully show as follows:

## I. INTRODUCTION

Luminati raises a single issue in the Motion—whether the information Luminati withheld from the examiner of United States Patent No. 10,469,614 (the "'614 patent") was material to patentability. Luminati's argument is premised entirely on the assumption that claim 1 of United States Patent No. 10,257,319 (the "'319 patent") is disclosed by the specification. However, the '319 patent does not provide any disclosure of the method claimed by claim 1 of the '319 patent.

Oxylabs has challenged Luminati throughout this entire litigation to explain where this method is disclosed. Despite annotating and modifying Figure 3 of the '319 patent in every manner imaginable—including equating communication devices to servers, splicing in the prior art, and omitting necessary components of the invention—Luminati has failed to direct the Court and Oxylabs to any disclosure of the claimed method. The specification of the '319 patent does not disclose the claimed method, and therefore claim 1 itself is the only disclosure of Luminati's contention that it invented this subject matter in 2009. There is no dispute that the Examiner of the '614 patent did not have this information available to him. Accordingly, a genuine issue of material fact exists as to whether Luminati omitted information material to patentability.[1]

---

[1] Luminati appears to acknowledge that genuine issues of material fact exist as to *Therasense*'s intent prong, as it does not argue otherwise in the Motion. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011).

## II. RESPONSE TO LUMINATI'S STATEMENT OF ISSUE TO BE DECIDED BY THE COURT

Luminati's Motion raises one issue for the Court to decide:

1. Whether Luminati's failure to disclose the '319 patent to the Examiner of the '614 patent presents a genuine issue of material fact as to materiality, where the information material to patentability—Luminati's contention that it invented the subject matter claimed by claim 1 of the '319 patent in 2009—is not contained in other information provided to the Examiner, including the specification of the '319 patent.

## III. RESPONSE TO LUMINATI'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Oxylabs admits Luminati's Statement of Undisputed Material Fact ("SUF") Nos. 1-3 and 5-6. Oxylabs is unable to admit or deny Luminati's SUF No. 4 because it is unintelligible, stating: "The specification of the '614 Patent the '604 Patent by reference stating." If Luminati meant to state that the '614 patent incorporates United States Patent No. 8,560,604 (the "'604 patent") by reference, Oxylabs does not dispute this.

## IV. ADDITIONAL MATERIAL FACTS ("AMF")

1. Claim 1 of the '319 patent does not appear in any other Luminati patent, including the '604 patent.

2. The '319 patent was not disclosed in the prosecution of the '614 patent.

3. At the time the '614 patent issued, there were twenty pending applications and issued patents in the '319 patent's family. ECF No. 119 at 4. Luminati disclosed just one of those to the Examiner of the '614 patent: the '604 patent, which issued on October 15, 2013. ECF No. 109 at 15. Luminati did not provide the Examiner of the '614 patent with any information regarding the other nineteen applications and patents. ECF No. 119 at 4. While the specification of each application and patent is the same, the claims necessarily are not identical.

4. The limitations of claim 1 of the '433 application, which issued as the '614 patent, were rejected by the Examiner as obvious in view of several prior-art references. Ex. 1 ('433

2

application, June 27, 2019 Office Action) at 9-11.

5. The rejections to claim 1 were not traversed, and claim 1 was instead amended to add the limitations of claim 29, which were objected to as allowable if rewritten in independent form. *Id.* at 2; Ex. 2 ('433 application, July 26, 2019 Office Action Response) at 2-3, 8.

6. There is no disclosure of a server–client device–web server architecture in the '319 specification.

7. There is no disclosure in the '319 patent of any device, other than a communication device acting in the role of a Client, sending a content identifier to a communication device acting in the role of an Agent. There is no disclosure in the '319 patent of the acceleration server sending a URL to any device, much less a communication device acting in the role of an Agent.

8. There is no disclosure in the '319 patent of any device, other than a communication device acting in the role of an Agent, sending a URL to a web server. There is no disclosure in the '319 patent of a communication device acting in the role of an Agent sending a URL to a web server without first checking whether the communication device acting in the role of an Agent or communication device acting in the role of a Peer have the content identified by the URL stored in its cache. If a communication device acting in the role of an Agent discovers that it or a communication device acting in the role of a Peer has a valid copy of the content identified by the URL stored in their cache, no request will be made to the web server for the content. No other method is disclosed in the '319 patent.

9. The specification of the '319 patent specifically teaches away from the use of prior-art proxy servers. '319 Pat. at 2:24-39. There is no disclosure in the '319 patent of any prior-art proxy server being used in the claimed invention, much less sending a URL to a communication device acting in the role of an Agent.

10. Luminati previously represented to the Court on multiple occasions that the "second server" of the '319 patent was a communication device acting in the role of a Client. ECF No. 126 at 4; *see also* ECF No. 28 at 15-16. Luminati also argued to the Court that that "the originator of [the] request[,]" i.e., the "second server" of the '319 patent, could "**be a client device, a consumer device**, it could also be a server[,]" Ex. 3 (Claim Construction Hr'g Tr.) at 12:2-5.

## V. SUMMARY JUDGMENT STANDARD

To prevail with its Motion, Luminati must demonstrate that (i) there is no genuine dispute as to any material fact and (ii) Luminati is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "A genuine dispute as to any material fact precludes summary judgment." *Satterfield & Pontikes Constr., Inc. v. U.S. Fire Ins. Co.*, 898 F.3d 574, 578 (5th Cir. 2018). On summary judgment, courts view the evidence in the light most favorable to the non-movant (here, Oxylabs). *See, e.g.*, *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## VI. THE '604 PATENT DOES NOT DISCLOSE THE MATERIAL INFORMATION AT ISSUE

Luminati suggests that, because there was apparently a pre-*Therasense* "plague" of baseless inequitable-conduct claims, Oxylabs' inequitable conduct claim must necessarily lack merit. Mot. at 5. *Therasense* raised the standard of pleading and proving inequitable conduct—it did not abolish the defense. Instead, it preserved it for appropriate circumstances like those before the Court. Contrary to Luminati's suggestions, Oxylabs has raised inequitable conduct just a single time over the course of three separate cases Luminati filed against Oxylabs alleging infringement of seven different patents. As Oxylabs explained in response to Luminati's previous attempt to dismiss Oxylabs' inequitable conduct claim, Luminati buried information material to patentability in a haystack of nineteen pending applications in the same family as the '319 patent, yet provided just one of these applications to the different Examiner of the '614 patent. AMF Nos. 2-3; ECF

4

No. 119 at 4. *Therasense* preserved the inequitable conduct defense for situations where a patentee or its patent attorney deliberately withhold or hide information material to patentability from an Examiner. That is exactly what happened here.

Luminati does not dispute that it withheld these nineteen other patents and applications from the Examiner. Luminati does not even appear to suggest that the Examiner of the '614 patent should have been aware of the claims and prosecution of all nineteen applications. Rather, Luminati argues that it did not need to disclose anything more than the '604 patent because continuation and divisional applications and patents are *per se* cumulative since they share the same specification as their parent. Further, according to Luminati, since claims *should* satisfy the written description requirement to be granted, any issued claim is *per se* cumulative of the parent application.

Luminati's argument fails. To begin with, as Dr. Freedman explained in a portion of his report Luminati omitted from the Motion, there is no question that the steps of claim 1 of the '319 patent are nearly identical to those of claim 29 of the '433 application. Ex. 4 (excerpt[2] of Freedman Rep.) at ¶ 364. Claim 1 of the '319 patent is not cumulative of the '604 patent, or even the specification of the '319 patent. As explained by Dr. Freedman, the '319 patent does not disclose the claimed method of claim 1 of the '319 patent. *Id.* at ¶¶ 311-314; AMF Nos. 6-10. There simply is no disclosure in the '319 patent of any server using a client device as an intermediary to obtain content from a web server. Oxylabs has challenged Luminati throughout the litigation to explain where in the '319 patent there is a disclosure that would demonstrate that the inventors were in possession of the claimed invention at the time of the application. *LizardTech, Inc. v. Earth*

---

[2] Dr. Freedman's full report is attached as Exhibit 4 to ECF No. 277 (Oxylabs' Motion for Summary Judgment of Invalidity).

*Resource Mapping, Inc.*, 424 F.3d 1336, 1344-45 (Fed. Cir. 2005). Luminati has failed to do so despite discovery being closed and this case being just three months from trial. Thus, claim 1 of the '319 patent—and not the specification—is where Luminati represents that it disclosed the subject matter in question in 2009—which is the exact allowable subject matter that led to the issuance of the '614 patent. AMF Nos. 4-5.

Finally, MPEP § 2001.06(b) exists to prevent Luminati's conduct. Luminati argues that this section does not require it to cross-cite co-pending continuations because they would be merely cumulative. Not only does this argument fail because claim 1 of the '319 patent is not cumulative of the specification of the '604 patent, but Luminati's position is also contrary to the purpose of Section 2001.06(b): "[T]he applicant has the burden of presenting the examiner with a complete and accurate record to support the allowance of letters patent." *Id.* (quoting *Armour & Co. v. Swift & Co.*, 466 F.2d 767, 779 (7th Cir. 1972)). Further:

> [T]he individuals covered by 37 CFR 1.56 cannot assume that the examiner of a particular application is necessarily aware of other applications which are "material to patentability" of the application in question, but must instead bring such other applications to the attention of the examiner . . . . if a particular inventor has different applications pending which disclose similar subject matter but claim patentably indistinct inventions, the existence of other applications must be disclosed to the examiner of each of the involved applications.

*Id.* By withholding other applications that are material to patentability—including one that discloses Luminati's contention that it invented the same subject matter four years before the claimed priority date of the '614 patent—Luminati deprived the examiner of a complete and accurate record and violated its duty of candor.

## VII. CONCLUSION

For these reasons, the Court should deny Luminati's Motion.

6

Dated: February 8, 2021

Respectfully submitted,

*[signature]*

MICHAEL C. SMITH
  Texas State Bar No. 18650410
  michaelsmith@siebman.com
**SIEBMAN, FORREST,**
**BURG & SMITH LLP**
113 East Austin Street
Marshall, Texas 75671
Telephone: (903) 938-8900
Telecopier: (972) 767-4620

STEVEN CALLAHAN
  Texas State Bar No. 24053122
  scallahan@ccrglaw.com
CRAIG TOLLIVER
  Texas State Bar No. 24028049
  ctolliver@ccrglaw.com
GEORGE T. "JORDE" SCOTT
  Texas State Bar No. 24061276
  jscott@ccrglaw.com
MITCHELL SIBLEY
  Texas State Bar No. 24073097
  msibley@ccrglaw.com
**CHARHON CALLAHAN**
**ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Teso LT, UAB, Oxysales, UAB, and Metacluster LT, UAB*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 8, 2021. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). The foregoing document has also been served on Luminati's counsel, Sunny Cherian, Esq., by e-mail on February 8, 2021.

*/s/ Steven Callahan*
STEVEN CALLAHAN

**CERTIFICATE OF AUTHORIZATION TO SEAL**

    The undersigned certifies that the foregoing pleading is filed under seal pursuant to the Court's Protective Order.

*/s/ Steven Callahan*
STEVEN CALLAHAN