IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **Bright Data Ltd.,**<br><br>   Plaintiff,<br><br>   v.<br><br>**Teso LT, UAB, Oxysales, UAB, and Metacluster LT, UAB,**<br><br>   Defendants. | Civil Action No.<br>2:19-cv-00395-JRG |

### DEFENDANTS' MOTION FOR HEARING REGARDING *O2 MICRO* ISSUE

This case and the related case *Bright Data Ltd. v. Code200, UAB, et al.* (No. 19-cv-396-JRG ("*Code200*")) are each set for trial on August 16, 2021, with pretrial conferences set on August 12, 2021 and August 9, 2021, respectively. Several of the parties' pending motions in these cases concern an underlying dispute as to the proper interpretation and/or application of the Court's construction of certain "server" claim terms.[1] Specifically, it became apparent for the first time based on Bright Data's rebuttal validity expert report that Bright Data takes a position as to the claim scope of "server" that requires the Court's intervention to resolve the parties' dispute pursuant to *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).

---

[1] *See* Oxylabs' Motion to Strike Certain Opinions of Dr. Thomas Rhyne (ECF Nos. 237, 281, 311, 338 (*Teso*) and ECF Nos. 120, 148, 174, 191 (*Code200*)); Bright Data's Motion to Strike Opinions of Dr. Freedman (ECF Nos. 244, 285, 309, 334 (*Teso*) and ECF Nos. 126, 147, 172, 195 (*Code200*)); Oxylabs' Motion for Summary Judgment of Invalidity (ECF Nos. 277, 327, 354, 370 (*Teso*) and ECF Nos. 123, 152, 177, 190 (*Code200*)); Bright Data's Motion for Summary Judgment of No Invalidity (ECF Nos. 242, 287, 310, 335 (*Teso*) and ECF Nos. 129, 149, 171, 196 (*Code 200*)).

For the reasons previously articulated in its briefing (*see* n.1, above), Oxylabs respectfully requests clarification that: (i) as already recited in the existing constructions, the claimed "server" is not the separately recited [first / requesting] client device, but can otherwise be *a* client device, and (ii) as the Court already ruled for another term (i.e., "client device"), the claimed "server" is a device operating in the role of a server and does not require any specific hardware.

To resolve this dispute, Oxylabs proposes the following clarifications shown in underline to the Court's existing claim constructions:

- '319/'510 Patents (*Teso*): "second server" means "<u>a device that is operating in the role of a</u> server <u>and</u> that is not the <u>first</u> client device."

- '614 Patent (*Teso*): "first server" means "<u>a device that is operating in the role of a</u> server <u>by offering information resources, services, and/or applications and</u> that is not the client device."

- '968 Patent (*Code200*): "second server" means "<u>a device that is operating in the role of a</u> server <u>and</u> that is not the <u>requesting</u> client device or the first web server."

- '511 Patent (*Code200*): "first server" means "<u>a device that is operating in the role of a</u> server <u>and</u> that is not the <u>first</u> client device or the web server."

In view of the limited time between the pretrial conferences and trials, Oxylabs respectfully requests a hearing to address this issue in advance of the pretrial conferences.

Oxylabs further respectfully requests that any hearing also address Bright Data's Motion for Protective Order Regarding the Depositions of Edmund Lazarus and Mark Joseph and Reconsideration of Feb. 12, 2021 Order. ECF No. 417. On February 4, 2021, the Court ordered that these depositions go forward. ECF No. 296, Feb. 4, 2021 Hr'g Tr. at 107:11-15; ECF No. 302 at 2. But Bright Data ignored the Order and refused to make the witnesses available—instead, it waited until

1

April 28, 2021, to seek yet another protective order concerning the depositions (the Court declined to grant Bright Data's first request for a protective order). To allow sufficient time prior to trial to conduct these previously ordered depositions, Oxylabs respectfully requests that the Court resolve this fully briefed, pending motion prior to the pretrial conferences.

Dated: June 24, 2021

Respectfully submitted,

*/s/ Michael C. Smith*

BRETT C. GOVETT
  Texas State Bar No. 08235900
  brett.govett@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Telecopier: (214) 855-8200

DANIEL S. LEVENTHAL
  Texas State Bar No. 24050923
  daniel.leventhal@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Telecopier: (713) 651-5246

MICHAEL C. SMITH
  Texas State Bar No. 18650410
  michael.smith@solidcounsel.com
**SCHEEF & STONE, LLP**
113 East Austin Street
Marshall, Texas 75670
Telephone: (903) 938-8900
Telecopier: (972) 767-4620

STEVEN CALLAHAN
  Texas State Bar No. 24053122
  scallahan@ccrglaw.com
CRAIG TOLLIVER
  Texas State Bar No. 24028049
  ctolliver@ccrglaw.com
GEORGE T. "JORDE" SCOTT
  Texas State Bar No. 24061276
  jscott@ccrglaw.com
MITCHELL SIBLEY
  Texas State Bar No. 24073097
  msibley@ccrglaw.com
JOHN HEUTON
  Admitted *Pro Hac Vice*
  jheuton@ccrglaw.com
**CHARHON CALLAHAN
ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Defendants Teso LT, UAB,
Oxysales, UAB, and Metacluster LT, UAB*

3

**CERTIFICATE OF CONFERENCE**

 The undersigned certifies that, on June 24, 2021, he met and conferred by telephone with counsel for Bright Data, Robert Harkins, Esq., and Bright Data is opposed to the relief requested herein.

<em>/s/ Steven Callahan</em><br>
STEVEN CALLAHAN

**CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on June 24, 2021. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

<em>/s/ Steven Callahan</em><br>
STEVEN CALLAHAN