IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRIGHT DATA LTD.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESO LT, UAB; OXYSALES, UAB; METACLUSTER LT, UAB;<br><br>　　　　Defendants. | Case No. 2:19-cv-395-JRG |

### BRIGHT DATA'S CORRECTED OBJECTIONS TO MAGISTRATE JUDGE PAYNE'S CLAIM CONSTRUCTION ORDER

Plaintiff ("Bright Data") respectfully objects to Judge Payne's Supplemental Claim Construction Order dated August 6, 2021 ("the Supplemental Order")[1] to the extent the Supplemental Order deviates from Bright Data's previous briefing including in its Objections to the Initial Claim construction Opinion and Order (*Teso* Action, Dkt. 199), Request for Clarification / Objections to Magistrate Judge Payne's Claim Construction Order (*Code200* Action, Dkt. 102) and subsequent Supplement to Its Objections to Claim Construction Order (*Code200* Action, Dkt. 163) (collectively, "Objections"). Bright Data incorporates by reference its previous Objections including with regard to the construction of "source address" from claim 25 of the '511 patent.

In addition to other argument presented in the Objections, during oral argument regarding the "source address" term of the '511 Patent at the claim construction hearing, Bright Data argued

---

[1] Filed in both *Bright Data v. Teso LT, UAB et al.*, Case No. 2:19-cv-395 ("*Teso* Action") as Dkt. 453 and *Bright Data Ltd. v. Code200 et al.*, Case No. 2:19-cv-396 ("*Code200* Action") as Dkt. 244.

1

that as a term of art for Internet communications, the plain meaning of "source address" to a POSA is the **sender's** IP address. The '511 Patent specification repeatedly refers to protocols that explicitly define and use the term "source address," including the HTTP protocol (*See, e.g.,* '511 pat., Fig. 12, 3:6, 4:22-29, 4:67-5:8, 8:12-17, 8:26-33, 9:61-10:11, 11:52-66, 12:62-13:49, 16:12-47, 17:15-28 and TCPIP (Transport Control Protocol / Internet Protocol) (*Id.,* at Fig. 14-15, 4:32-28, 17:14-18:35, 19:1-4). These protocols unambiguously define the "source address" as the address of the sender as opposed to the "destination address" (the address of the web server). During his March 22, 2021 deposition, Defendants' invalidity expert Dr. Freedman provided testimony explaining that "source address" is a term of art that refers to the "sender address" typically used for a source IP address in contrast to a "destination address," which refers to "receiver address." *Code200* Action at Dkt. 164 at 3.

The February 8, 2021 Claim Construction Order (Dkt. 97) however, found that instead of the source being the sender, it is the destination - that is, the "source" of the *content.* As addressed in Bright Data's Objections, Bright Data seeks to clarify that "source address" refers to "the IP address of the sender of a communication," not the IP address of the web server.

Dated: August 23, 2021

Respectfully submitted,

By: */s/ Ronald Wielkopolski*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Mark Mann
Blake Thompson
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
Telephone: 903-657-8540
mark@themannfirm.com
blake@themannfirm.com

Korula T. Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94704
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Thomas Dunham
Ronald Wielkopolski
Colby Davis
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
tomd@ruyakcherian.com
ronw@ruyakcherian.com
colbyd@ruyakcherian.com

*Attorneys for Plaintiff*
*Bright Data Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 23rd day of August 2021, with a copy of this document via CM/ECF.

/s/ *Ronald Wielkopolski*