## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| BRIGHT DATA LTD., | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:19-CV-00395-JRG |
| | § | |
| TESO LT, UAB,  METACLUSTER LT, | § | |
| UAB,  OXYSALES, UAB, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the Court is Defendants Teso LT, UAB, Oxysales, UAB, and Metacluster LT, UAB's (collectively, "Oxylabs") Motion to Stay Case Pending Mediation (the "Motion"). (Dkt. No. 534). Oxylabs seeks an order staying the above-captioned case pending the upcoming mediation between the parties, which is scheduled for January 6, 2022. (Dkt. No. 534 at 1). Oxylabs contends that a stay will allow the parties to focus on issues related to the mediation. (*Id.* at 2). Oxylabs also asserts that a short stay will save resources by obviating the need for post-trial briefing if the mediation is successful. (*Id.*). Plaintiff Bright Data Ltd. ("Bright Data") opposes the Motion and argues that the mediation will benefit from further briefing, that a stay would not preserve the Court's resources, that a stay would prejudice Bright Data, and that Oxylabs has already received an extension of the briefing schedule. (Dkt. No. 537).

After reviewing the record, the Court finds that a brief stay is appropriate. First, the Court agrees with Oxylabs that a brief stay will allow the parties to focus their attention on engaging in a productive mediation. Further, the Court notes that a successful outcome of the mediation may

obviate some or all of the post-trial briefing. Thus, the Court and the parties would save resources by proceeding post-mediation with only the issues that remain pending, if any.

Additionally, the Court finds that Bright Data would not be prejudiced by a short stay of this case pending mediation. The Court notes that mediation is only three weeks away, and finding any purported prejudice requires the Court to speculate that the parties' efforts at mediation will be unsuccessful. To address Bright Data's concerns, however, the Court **ORDERS** that the parties file a Joint Status Report within three (3) days of the mediation informing the Court of the results of their efforts and specifying what outstanding issues, if any, remain.

Having considered the Motion, the record, and the applicable law, the Court finds that it should be and hereby is **GRANTED**. All deadlines in the above-captioned matter are **STAYED** pending the parties' upcoming mediation and until a subsequent Order issues from this Court. *See In re Ramu*, 903 F.2d 312, 318 (5th Cir.1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation."); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (noting that a court has "inherent" power to stay proceedings).

**So ORDERED and SIGNED this 15th day of December, 2021.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

2