**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BRIGHT DATA LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:19-CV-00395-JRG |
| | § | |
| TESO LT, UAB,  METACLUSTER LT, | § | |
| UAB,  OXYSALES, UAB, | § | |
| | § | |
| *Defendants*. | § | |

## <u>ORDER</u>

The Court issues this Order *sua sponte*.  The Court **ORDERS** that the above-captioned case be **STAYED** until the ultimate resolution of each of the *Ex Parte* Reexamination ("EPR") proceedings and *Inter Partes* Review ("IPR") proceedings instituted as to all patents asserted by Bright Data in this case.

Bright Data filed this lawsuit against Defendants Teso LT, UAB, Metacluster LT, UAB, and Oxysales, UAB (collectively, "Oxylabs") on December 6, 2019, asserting infringement of U.S. Patent Nos. 10,257,319 (the "'319 Patent"), 10,484,510 (the "'510 Patent"), and 10,469,614 (the "'614 Patent") (collectively, the "Asserted Patents") in addition to other causes of action.  (Dkt. No. 1.)  This case proceeded to trial before a jury, and on November 5, 2021, the jury returned a verdict finding that Oxylabs infringed at least one claim of the Asserted Patents, that none of the Asserted Patents were invalid, and that Oxylabs' infringement was willful.  (Dkt. No. 516.)  The jury also awarded Bright Data $7,474,876.00 in lost profits as compensation for such infringement. (*Id.*)  The Court denied Bright Data's request for an injunction, finding that Bright Data had not met its burden to show it suffered irreparable injury and failed to establish how it could not be adequately compensated by money damages.  (Dkt. No. 575.)  Since the jury's verdict, the parties

have participated in mediation multiple times, and each time the parties were unable to resolve their disputes. (Dkt. Nos. 571, 586.) Meanwhile, the asserted claims of the Asserted Patents have been subject to pending Patent Office proceedings, with resolutions expected as early as the spring of 2023. (*See* Dkt. No. 626 at 13.)

Specifically, the '319 Patent is subject to three pending IPRs—IPR2021-01492 (to which Oxylabs was joined as a petitioner), IPR2022-00135, and IPR2022-00915. (*See* Dkt. Nos. 626-11, 626-12, 626-13.) The '319 Patent is also subject to EPR No. 90/014,875, which has been instituted but is stayed pending resolution of IPR2021-01492. The '510 Patent is also subject to three pending IPRs—IPR2021-01493 (to which Oxylabs was joined as a petitioner), IPR2022-00138, and IPR2022-00916. (*See* Dkt. Nos. 626-10, 626-12, 626-13.) The '510 Patent is also subject to EPR No. 90/014,876, which has been instituted but is stayed pending resolution of IPR2021-01493. The '614 Patent is subject to EPR No. 90/014,880, in which all claims asserted against Oxylabs were finally rejected, and which Bright Data has appealed to the PTAB. (*See* Dkt. No. 626-14.) Bright Data's petition to stay the EPR was denied. Thus, all claims at issue in this case are covered by multiple grounds of review in the Patent Office.

It is well-established that a district court has the authority to stay proceedings on its own motion or on motion of the parties. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting that a court has "inherent" power to stay proceedings to conserve judicial resources and ensure that each matter is handled efficiently); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 30 (1959) (finding a federal district court's decision to stay a case, on its own motion, pending resolution in a different judicial system a proper exercise of discretion); *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation"); *In*

*re Ramu*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation.").

In deciding whether to stay litigation pending EPR or IPR, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage one party, (2) whether a stay will simplify the issues in question, and (3) the stage of the case. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *NFC Techs. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

Having considered the factors above and the specific facts and circumstances of this case, the Court is persuaded that the benefits of a stay outweigh the costs of postponing resolution on certain issues that may ultimately prove irrelevant in the event that at least some of Bright Data's claims may not survive. Currently before the Court are Bright Data's Motion for Enhanced Damages and Exceptional Case (Dkt. No. 541), Bright Data's Motion for Limited Post-Trial Discovery (Dkt. No. 607), and Bright Data's Motion for Supplemental and Ongoing Damages (Dkt. No. 621). However, with all the asserted claims of all Asserted Patents at issue before this Court now being subject to instituted IPRs or finally rejected in EPRs, any prejudice to Bright Data by virtue of delay in the resolution of the above motions is outweighed by the benefit of such parallel review at the Patent Office. This is a case specific determination by the Court and is limited to these particular facts and circumstances.

Accordingly, the Court finds that the relevant factors weigh in favor of granting a stay of this case pending resolution of the EPRs and IPRs of all asserted claims of the Asserted Patents. The above-captioned case is hereby **STAYED** until the ultimate resolution in each of the EPRs and IPRs or until subsequent order of this Court. The parties are **ORDERED** to file a joint notice updating the Court as to the status of the asserted claims and the EPRs and IRPs within **ten (10)**

**days** of any ultimate resolution therein.  Following finality being achieved in all of the EPRs and

IPRs that relate to this case, the parties are permitted to file a motion to re-open and un-stay this

case, if needed.

    **So ORDERED and SIGNED this 28th day of February, 2023.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE